# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 31, 2017

```
* * * * * * * * * * * * *
ALEXIS FARRELL,                    *          PUBLISHED
                                   *
            Petitioner,            *          No. 16-1374V
                                   *
v.                                 *          Special Master Gowen
                                   *
SECRETARY OF HEALTH                *          Denial of Attorneys' Fees and Costs;
AND HUMAN SERVICES,                *          Approaching Statute of Limitations
                                   *          Deadline; Initial Inquiry; Failure to
            Respondent.            *          Establish Reasonable Basis.
* * * * * * * * * * * * *
```

Diana L. Stadelnikas, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
Voris E. Johnson, United States Department of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 20, 2016, Alexis Farrell ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of an influenza ("flu") vaccine received on November 6, 2013, she subsequently suffered injuries including Postural Orthostatic Tachycardia Syndrome ("POTS"). Petitioner filed medical records and a Statement of Completion and I held an initial status conference. On petitioner's motion, a decision dismissing the petitioner for insufficient proof was issued on May 16, 2017. Decision

On August 8, 2017, petitioner filed an application for attorneys' fees and costs. Petitioner's Motion. On August 11, 2017, respondent filed a response, in which he suggests that there was not a reasonable basis for the petition and attorneys' fees and costs should not be awarded. Respondent's Response. On August 18, 2017, petitioner filed a reply in support of her

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

motion. This matter is now ripe for adjudication. For the reasons discussed below, I find that petitioner has not demonstrated a reasonable basis for the petition and that she is not entitled to an award of attorneys' fees and costs.

## I.       Procedural History

On October 20, 2016, petitioner filed a petition in the Vaccine Program alleging that she received an influenza ("flu") vaccination on November 6, 2013. Petition (ECF No. 1). It further alleged: "Approximately three to four week[s] later, petitioner began experiencing recurrent syncope, lightheadedness and palpitations which were collectively diagnosed as Postural Orthostatic Tachycardia Syndrome (POTS)." *Id.* at 1. Petitioner alleged that her condition was caused-in-fact by the flu vaccine and she was therefore entitled to compensation. She also provided: "This petition is being filed with the NVICP's statute of limitations in mind; undersigned counsel is in the process of obtaining petitioner's relevant medical records." *Id.* at 1, n.1. The petition was not accompanied by any medical records.

On November 30, 2016, petitioner filed records from the vaccine administration, her pediatrician, behavioral health providers, and cardiology specialists on November 30, 2016. Exhibits 1-5 (ECF No. 6). On December 30, 2016, she filed hospital records, Exhibit 7 (ECF No. 9) and a Statement of Completion (ECF No. 10).

I held an initial status conference on March 22, 2017. Order (ECF No. 11). During the status conference, respondent's counsel indicated that respondent had not yet reviewed the records to determine his position in the case. Based on my preliminary review of the medical records filed to date, I noted two issues that needed to be addressed with additional records or explanation:

> First, there appear to be no medical records during the initial time period after the November 6, 2013, vaccination until June 4, 2014. Second, a medical record from the date of vaccination states that petitioner had an episode of syncope, palpitations, and fainting the month prior. [Exhibit 2 at 37.] Further, a record from Dr. Iman Kahwaji on June 4, 2014, notes that petitioner "reports that for the past *2 years* has felt dizziness upon standing or during prolonged standing." Pet. Exhibit 6 at 2 (emphasis added). These symptoms appear to be consistent with POTS syndrome.

*Id.* I ordered petitioner to file additional medical records from the post-vaccination period, if any, and to file additional records or an affidavit addressing her pre-vaccination symptoms within 60 days, by May 22, 2017. *Id.*

On May 16, 2017, petitioner filed a motion for a decision dismissing her petition. (ECF No. 12). She confirmed that all medical records pertinent to the Petition had been filed; no further evidence was available for filing in this matter; and an investigation of the facts and science supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program. *Id.* I issued a decision dismissing the petition on the same day. (ECF No. 13).

2

On August 8, 2017, petitioner filed a motion for $7,541.20 in attorneys' fees and $558.56 in attorneys' costs, for a total of $8,100.06. Petitioner's Motion (ECF No. 16) at 1-2.[3] The motion includes contemporaneous billing records and petitioner's counsel's affidavit, which both state that the claim was filed in consideration of the approaching statute of limitations. Petitioner's Motion, Tab 2 – Billing Entries at 1, 3; Petition's Motion, Tab 3 – Affidavit at 3-4.

On August 11, 2017, respondent filed a response, in which he "leaves it to the Special Master's discretion to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case. Section 15(e)(1)(A)-(B)." Respondent's Response (ECF No. 17). However, respondent contended, based on petitioner's inability to produce any additional evidence to resolve the issues I raised at the initial status conference, that the petition lacked a reasonable basis." *Id.* Further: "To the extent petitioner argues that the Petition was filed to prevent the running of the statute of limitations, it is respondent's position that filing an unsupported petition solely to preserve the statute of limitations does not create a reasonable basis for the claim set forth in the petition, and a reasonable basis is established only if the petitioner can later produce evidence that supports the claim." *Id.*

On August 18, 2017, petitioner filed a reply in support of her motion for attorneys' fees and costs. Petitioner's Reply (ECF No. 18). Petitioner quoted *Iannuzzi v. Sec'y of Health & Human Servs.*, No. 2-780V, 2007 WL 1032379, *34-35 (Fed. Cl. Spec. Mstr. Mar. 20, 2007), a decision awarding attorneys' fees as part of the omnibus autism proceeding, for the proposition that "the ultimate purpose of Vaccine Act fees and costs awards is *not* to benefit the *attorneys* involved, but to *ensure that Vaccine Act petitioners will have adequate access to competent counsel*" (emphasis in the original). Petitioner's Motion at 2. Petitioner then stated that she "had good faith and a reasonable basis to pursue her claim to its conclusion." *Id.* at 3. Petitioner did not request any further fees and costs associated with her reply. The matter is now ripe for adjudication.

## II.     Good Faith and Reasonable Basis

### a.  Legal Standard

Section 15(e) of the Vaccine Act governs attorneys' fees. Section 300aa-15(e). When awarding compensation on a petition, the special master "shall also award" reasonable attorney's fees and costs. Section 15(e)(1)(A)-(B). Even when compensation is not awarded, the special master "may award" reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1).

"Good faith" is a subjective standard and petitioners are entitled to a presumption of good faith. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007); *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). In the present case, respondent does not challenge the presumption of good faith and the

---

[3] Pursuant to General Order #9, petitioner also provided her signed statement that while represented by counsel, she did not incur any costs related to the litigation of this matter. Petitioner's Motion, Tab 1.

undersigned finds that this case was brought in good faith. Therefore, the question at issue is whether petitioner had a reasonable basis for her claim.

The Vaccine Act does not define "reasonable basis," and neither the Federal Circuit nor the Court of Federal Claims has defined "reasonable basis" for purposes of fee awards under the Vaccine Act. *Chuisano v. United States*, 116 Fed. Cl. 276, 285 (Fed. Cl. 2014). The Court of Federal Claims has held that the statutory language of Section 15(e)(1)(B) grants the special master "maximum discretion in applying the standard." *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 402 (Fed. Cl. 2012).

The burden is on petitioner to affirmatively demonstrate a reasonable basis, though "petitioner need not establish entitlement to compensation, or even that a claim is likely to succeed." *McKellar v. Sec'y of Health & Human Servs.*, No. 09-841V, 2012 WL 362030, at *6-7 (Fed. Cl. Spec. Mstr. Jan 13, 2012), reversed on other grounds, 2012 WL 1884703 (Fed. Cl. 2012). Petitioner must furnish "some evidence" supporting the claims in the petition, but the evidentiary showing required is less than a preponderance of the evidence. *Chuisano v. Sec'y of Health & Human Servs.*, No. 07-452V, 2013 WL 6234660, at *1, 13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013).

The Court of Federal Claims and many special masters have provided that the reasonable basis requirement is an "objective consideration determined by the totality of the circumstances." *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011); *Chuisano*, 116 Fed. Cl. at 286. Factors to be considered include factual basis, medical support, and the circumstances under which a petition is filed. *Turner*, 2007 WL 4410030, at *6-9.

The reasonable basis inquiry may also consider whether there is an impending statute of limitations deadline. *See, e.g. Chusiano*, 116 Fed. Cl. at 287 ("the statute of limitations is a factor that may affect the reasonable basis analysis in appropriate circumstances."); *Austin v. Sec'y of Health & Human Servs.*, No. 10-362V, 2013 WL 659574,at *9 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("special masters have recognized that the ability to investigate adequately a claim is constrained by the need to file quickly to preserve the claim, and have found the balance between these competing interests favors filing."); *Lamar v. Sec'y of Health & Human Servs.*, No. 99-583V, 2008 WL 3845165, at *4 (Fed. Cl. Spec. Mstr. July 30, 2008) ("Applying a lenient standard [for reasonable basis] is appropriate when the impending expiration of the statute of limitations prevents an adequate investigation of the basis for the claim."); *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *5 (Fed. Cl. Spec. Mstr. Jan. 9, 2008) ("When faced with a near certainty that the statute of limitations will bar the action if the action is not filed quickly, petitioners' attorneys must file the action and investigate the case more thoroughly after the case is filed. Thus, petitioners' attorneys are entitled to the benefit of a doubt when they file a petition just before the statute of limitations expires."); *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *6 (Fed. Cl. Spec. Mstr. Nov. 30, 2007) ("A filing on the eve of the running of the statute of limitations may be supported by less information than would be expected if counsel has more time to conduct a pre-filing investigation of the factual underpinnings and the medical basis for a vaccine claim."); *Hearell v. Sec'y of Health & Human Servs.*, No. 90-1420V, 1993 WL 129645, at *1 (Fed. Cl. Spec. Mstr.

4

Apr. 6, 1993) ("Because of the time constraints, it was reasonable for the petitioner to file an incomplete petition in this case.")

However, a looming statute of limitations deadline does not automatically confer reasonable basis to a claim. The Court of Federal Claims and several special masters have emphasized the need for petitioners and counsel to evaluate the feasibility of a claim prior to filing. *See, e.g.*, *Rehn v. Sec'y of Health & Humans Servs.*, 126 Fed. Cl. 86, 93 (Mar. 30, 2016) ("If an attorney does not actively investigate a case before filing, the claim may not have a reasonable basis and so may not be worthy of attorneys' fees and costs."); *Kegler v. Sec'y of Health & Human Servs.*, No. 13-533V, 2014 WL 1568837 at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2014) ("Petitioner's counsel clearly failed to perform fundamental due diligence. Consequently, there was no reasonable basis for the filing of [p]etitioner's claim, and [p]etitioner is not entitled to fees and costs."). Indeed, many of the cases quoted above emphasize the need to strike a balance between some investigation of the claim and preserving petitioner's rights. They suggest greater leniency when there is a shorter period of time to investigate the claim before the limitations period closes. *See e.g., Hamrick*, 2007 WL 4793152 at *5 (offering the "benefit of the doubt… *just before* the statute of limitations expires" and approving attorneys' fees and costs because the petitioner contacted counsel and filed a claim on the last day a claim would be possible). Thus, both the impending statute of limitations and the preliminary investigation of the claim may be considered, as part of the reasonable basis analysis.

### b. Application

Based on the totality of the circumstances in this case, petitioner has not established reasonable basis for her claim. The petition alleges that the vaccine was received on November 6, 2013, and onset was approximately "3-4 weeks later." Reading the allegations in the light most favorable to petitioner, onset was 3 weeks after the vaccination, on November 27, 2013. Thus, the three-year limitations period would run from that date.

Petitioner admittedly contacted counsel and began investigating the feasibility of her claim close to the statute of limitations. However, it was not "the eve" of the statute of limitations; petitioner – and counsel - had some opportunity for an investigation. The records do not show when petitioner first contacted counsel. However, the first billing entry is for October 17, 2016, when a paralegal spent 0.4 hours on "telephone conference and emails with client. Review medical records. Discuss with attorney." Petitioner's Motion, Tab 2 at 1. It is not clear which medical records were available at this point, but the review does not appear to be extensive, based on the billing entry for multiple tasks amounting to 0.4 hours. On October 18, 2016, the same paralegal communicated further by telephone and email with the petitioner, opened a new client file, and prepared an information packet. *Id.* On October 18 and 19, 2016, an attorney and the same paralegal worked on drafting the petition. *Id.* The petition was filed on October 20, 2016. *Id.* The petition was very brief and stated it was "being filed with the NVICP's statute of limitations in mind." Petition at 1, n. 1. However, the statute of limitations was not about to close – there were at least 38 days left.[4] Even if petitioner's counsel was credited with filing conservatively in the case that later-obtained medical records would establish

---

[4] The deadline of November 27, 2016, falls on a Sunday, so the deadline would be extended to November 28, 2016.

an earlier date of onset, the onset of an injury attributable to the vaccine at issue could not possibly occur before the vaccine was administered on November 6, 2013. Thus, there were approximately 17 days before the most conservative reading of the statute of limitations deadline.

The billing records also reveal that counsel could have made more of an effort to investigate the claim prior to filing. The petition stated: "undersigned counsel is in the process of obtaining petitioner's relevant medical records." Petition at 1, n. 1. But according to the billing records, the petition was filed before the process of obtaining records even began. The petition was filed on October 20, 2016, and the first entry relating to obtaining records is on the following day, October 21, 2016, when a paralegal recorded telephones call to multiple facilities to verify contact information and enter into "TM." Petitioner's Motion, Tab 2 at 1. Then on October 24, 2016, another paralegal sent rush requests for medical records to four different providers. *Id.* at 2. The rush requests seem to have been effective, as counsel received some records as quickly as October 31, 2016. *Id.* Other records took additional time. *Id.* at 2-3. However, it seems that counsel had the time and capability to obtain at least some of the records and evaluate the feasibility of the claim before filing. The billing records indicate it was not particularly time-consuming or costly to obtain the records or to conduct a preliminary review (they were not voluminous). Doing so at the outset could have informed both petitioner and counsel about the feasibility of the claim. Indeed, after this case was filed, I conducted an initial status conference and readily identified potentially fatal issues with the case. I ordered petitioner to file additional medical records or affidavits to address the pre-existing condition issue as well as the lack of medical records between the time of vaccination in November 2013 and June of 2014. Petitioner's counsel subsequently advised that there were no more records to be filed and requested dismissal of her claim. This course of events also cuts against a finding of reasonable basis.

### III. Conclusion

Thus, based on the totality of the circumstances, I find that petitioner has not established a reasonable basis for her claim. Thus, I deny the motion for attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.